UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Oliver,<br>Plaintiff<br>v.<br>Credit One Financial, et al.,<br>Defendants | Case No. 2:26-cv-03376-CDS-BNW<br>**Order Denying Plaintiff's Motion to Extend and Sua Sponte Extending Response Deadline**<br>[ECF No. 22] |

Plaintiff Anthony Oliver moved for an extension of time to file a motion to transfer venue or, alternatively, for a screening order under 28 U.S.C. § 1915A. ECF No. 22. In their motion, Oliver also explains that they have not received responsive pleadings from defendants Bank of America Corporation and Equifax Information Services, LLC.

Oliver's motion fails. First, there is no deadline to file a motion to transfer venue. *See* 15 Wright & Miller's Federal Practice & Procedure § 3844 (4th ed., April 2026 Update) (explaining that 28 U.S.C. 1404(a) "sets no limit on the time when a motion to transfer may be made" and that "[s]uch a motion is not an objection to venue under Civil Rule 12(b)(3), and thus need not be made in accordance with the provisions of Civil Rules 12(g) and 12(h)"). Additionally, Oliver's complaint is not subject to screening under 28 U.S.C. § 1915A because that statute applies to "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" whereas Oliver seeks redress from several companies, not the government. In short, there is no deadline to extend and no screening to take place, so the court cannot grant the relief Oliver seeks.

However, in light of Oliver's contention that he has not received certain responsive pleadings, the court kindly orders the Clerk of Court to mail Oliver a courtesy copy of the only responsive pleadings filed in this case to date—that is, defendant Concora Credit, Inc.'s answer to the complaint (ECF No. 2) and Equifax's motion to dismiss the complaint (ECF No. 11). The

court notes that Oliver has not yet filed a response to Equifax's motion to dismiss nor has he filed a motion to extend that deadline. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."); Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (explaining that to determine whether neglect is excusable, courts should consider (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith). Because Oliver claims they have not received the pleadings, the court sua sponte extends the deadline to respond to Equifax's motion to dismiss to November 30, 2026. No further extensions will be granted, absent a showing of good cause.

Additionally, the court notes that Bank of America has been dismissed from this case at Oliver's request, *see* ECF No. 23, and that Bank of America had not filed an answer or motion to dismiss before Oliver requested the bank's dismissal. There is therefore nothing to mail Oliver regarding Bank of America.

## Conclusion

IT IS HEREBY ORDERED that plaintiff Anthony Oliver's motion to extend **[ECF No. 22] is denied.**

IT IS FURTHER ORDERED that the deadline for Oliver to respond to the motion to dismiss (ECF No. 11) is extended to November 30, 2026.

The Clerk of Court is kindly directed to provide plaintiff Anthony Oliver a courtesy copy of Concora Credit, Inc.'s answer to the complaint (ECF No. 2) and Equifax's Information Services, LLC's motion to dismiss the complaint (ECF No. 11).

Dated: November 13, 2026

Cristina D. Silva
United States District Judge